UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANUEL LALVAY CHACHA,
                           Plaintiff,

                -v-

THOMAS R. DECKER, et al.
                           Defendants.

20-CV-6167 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

      Manuel Lalvay Chacha has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his detention violates due process. He has also filed a motion for a temporary restraining order seeking his immediate release from custody. For the reasons that follow, the petition and motion are denied.

**I.    Background**

      Unless otherwise noted, the following facts are undisputed.

      Petitioner Manuel Lalvay Chacha is currently being detained by Immigration and Customs Enforcement ("ICE") at Orange County Correctional Facility ("Orange County Jail") in Goshen, New York. (Dkt. No. 2 ("Pet.") ¶ 1.) A citizen of Ecuador, Lalvay Chacha has resided continuously in the United States for roughly thirty-three years. (Pet. ¶¶ 1, 15.) Between 1992 and 1998, he was convicted five times of offenses related to driving under the influence of alcohol. (Pet. ¶ 17.) In 2018, Lalvay Chacha was convicted of driving while intoxicated for the sixth time and was sentenced to six months in prison and three years of probation. (Dkt. No. 12 at 4.) After Lalvay Chacha served his prison sentence, ICE arrested him, placed him in removal proceedings, and transferred him to Orange County Jail. (*Id.*)

1

Lalvay Chacha has a history of diabetes, hypertension, and hyperlipidemia. (Pet. ¶ 19.) On June 19, 2020, Lalvay Chacha applied to ICE for discretionary relief under the nationwide preliminary injunction in *Fraihat v. ICE*, 445 F. Supp. 3d 709 (C.D. Cal. 2020), which ordered ICE to review custody determinations for detainees with COVID-19 risk factors. (Pet. ¶ 20.) On June 24, ICE denied his request on the grounds that he was "receiving appropriate health care while in ICE custody." (Pet. ¶ 21.) In July, Lalvay Chacha asked ICE to reconsider its decision, but ICE again denied him release. (Pet. ¶¶ 22–23.)

On August 7, 2020, Lalvay Chacha filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that Respondents have violated his due process rights by failing to provide him with adequate medical care and subjecting him to punitive conditions of confinement. (Pet. ¶¶ 69–75.) Lalvay Chacha simultaneously filed a motion for a temporary restraining order seeking his immediate release from custody. (*See* Dkt. No. 3.) This Court held a telephonic hearing on August 24, 2020.

## II.     Legal Standard

Congress has authorized federal district courts to grant a writ of habeas corpus "whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Pursuant to this power, federal district courts may also grant habeas relief to non-citizens challenging their detention without bail. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

In the Second Circuit, a party seeking a temporary restraining order must meet the same standard as one seeking a preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). In both cases, the petitioner must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly in the movant's favor." *Id.* (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)). Where the moving party seeks an injunction "that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000) (internal quotation marks and citation omitted).

### III.   Discussion

In his petition, Lalvay Chacha asserts two violations of due process — one stemming from Respondents' "deliberate indifference" to his medical needs, and the other arising from his "right to be detained free from punitive conditions of confinement." (*See* Pet. ¶¶ 69–75.) The Court addresses each in turn.

####    A.   Deliberate Indifference

Under the Fifth Amendment's Due Process Clause, federal detainees "enjoy the right to be free from deliberate indifference to their serious medical needs." *Avendano Hernandez v. Decker*, 450 F. Supp. 3d 443 (S.D.N.Y. Mar. 31, 2020). In raising a constitutional challenge to the medical care provided in detention, a detainee must show (1) that he had a serious medical need, and (2) that Respondents responded to that need with deliberate indifference. *Charles v. Orange Cty.*, 925 F.3d 73, 85 (2d Cir. 2019).

A serious medical need is one "that may produce death, degeneration, or extreme pain." *Id.* at 86. To determine whether a medical need is sufficiently serious, courts consider "whether a reasonable doctor or patient would find the injury important and worthy of treatment, whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Id.* (citation omitted). To demonstrate deliberate indifference, meanwhile, a detainee must allege that the respondents knew or should have known

"that failing to provide the complained of medical treatment would pose a substantial risk to [the petitioner's] health." *Id.* at 87. Mere negligence is not enough. *Id.* Instead, respondents must act with "a conscious disregard of a substantial risk of serious harm." *Id.* (citation omitted).

Here, Lalvay Chacha has little difficulty establishing his serious medical need, especially in the midst of the COVID-19 pandemic. Hypertension, hyperlipidemia, and diabetes are the kinds of "chronic conditions that place him at increased risk for severe illness and death should he contract COVID-19." (Pet. ¶ 49.) Diabetes, in particular, "leads to an immunosuppressed state, making it difficult to fight infection, and is one of the most significant risk factors for death in COVID-19 patients." (*Id.*) Respondents attempt to diminish the seriousness of Lalvay Chacha's medical need by alleging that he "has received medical care in detention for his complaints." (Dkt. No. 12 at 13.) But even if Lalvay Chacha is receiving care, that does not change the fact that his chronic conditions make him "more susceptible to suffering fatal complications should he contract COVID-19." (Dkt. No. 17 at 6.) The medication he takes for diabetes, for example, helps control his blood sugar but does not eliminate "the diagnosis and associated risk" of severe illness from the virus. (Dkt. No. 17–4.)

Yet whether or not Lalvay Chacha has established his serious medical need is ultimately irrelevant because he cannot demonstrate that Respondents have acted with deliberate indifference. He argues that Orange County Jail, where he is currently detained, has failed to take "reasonably necessary precautions to protect medically vulnerable people" from COVID-19. (Pet. ¶ 35.) But multiple courts in this District have found the jail's COVID-19 protocols to be sufficient to withstand a claim of deliberate indifference. *See, e.g.*, *Black v. Decker*, No. 20-CV-3055, 2020 WL 4260994, at *7 (S.D.N.Y. July 23, 2020) (describing Orange County Jail's protocols as "sufficient to show that the facility is not acting with deliberate indifference in its

response to the COVID-19 pandemic"); *Bernal Gutierrez*, 2020 WL 3396283 at *2 (holding that Orange County Jail "has taken constitutionally adequate precautions to address the risks Petitioner faces from COVID-19"); *Gutierrez v. Dubois*, No. 20-CV-2079, 2020 WL 3072242, at *5 (S.D.N.Y. June 10, 2020) (noting that Orange County Jail "has reasonable measures in place to address the risks posed by the COVID-19 virus"); *Dzhabrailov v. Decker*, No. 20-CV-3118, 2020 WL 2731966, at *8 (S.D.N.Y. May 26, 2020) ("Respondents have taken extensive measures to reduce the likelihood that detainees at OCJ will be exposed to COVID-19 and to ensure that if an inmate, detainee, or staff member is exposed to COVID-19, that proper procedures are in place to reduce the spread of COVID-19 throughout the facility."). The jail's protocols include isolating detainees who exhibit symptoms of the virus or may have been exposed to it, regularly sanitizing the jail and its housing units, requiring staff and detainees to wear masks, and monitoring the condition of detainees who may be at higher risk due to underlying conditions. (*See* Dkt. No. 14 ¶ 9.)

Lalvay Chacha does not dispute the existence of such policies. Instead, he argues that "*de facto* conditions personally observed by attorneys and clients residing in [the jail] reveal that these efforts are not uniformly implemented." (Pet. ¶ 42.) He cites anecdotal evidence that prison staff and other detainees do not wear masks or observe social distancing; that the facility does not disinfect phones, computers, or showers after use; and that bleach, which inmates must request to clean their cells, is in short supply. (*See, e.g.*, Dkt. No. 17-1 ¶¶ 9–12.) He also maintains that he has never received a COVID-19 test, and that he does "not always have access to hand sanitizer, disposable gloves, or disinfecting items to stay clean and free of germs." (Dkt. No. 17-1 ¶¶ 8, 14.)

5

These are undoubtedly serious claims. But at least one judge in this District has found similar claims inadequate to support a finding of deliberate indifference at the Orange County jail. *See Gutierrez*, 2020 WL 3072242 at *5–6 (holding that claims that inmates and staff were not wearing masks, that detainees were not required to socially distance in common areas, and that the jail's protocols did not take into account the risks posed by asymptomatic carriers did not rise to the level of deliberate indifference because "[t]he law does not require the Jail to implement perfect measures to protect the health of detainees" and "[n]o protocols or guidelines can entirely eliminate the risk of infection in an incarceratory setting"). This Court agrees. Although reasonable people might have different views as to the exact policies Orange County Jail should be implementing — and although the allegations of inconsistent implementation are cause for concern — the jail's protocols do not, at least on the evidence currently before the Court, evince "a conscious disregard of a substantial risk of serious harm." 925 F.3d at 87.[1] Lalvay Chacha thus fails to show that Respondents acted with deliberate indifference to his medical needs.

### B.     Punitive Conditions of Confinement

Lalvay Chacha's second due process claim concerns the conditions of his confinement. In substance, however, this claim more or less tracks his claim of deliberate indifference, as both have to do with Respondents' alleged failure to "adopt adequate protections against a widespread outbreak of a contagious disease." (*See* Pet. ¶ 70.) Given the similarities between the two claims, the Court disposes of this one using the same reasoning as above: Since Lalvay Chacha

---

[1] To be sure, systematic or sufficiently widespread nonenforcement of facially reasonable safety protocols could theoretically rise to the level of "conscious disregard of a substantial risk of serious harm." The largely anecdotal allegations and evidence before the Court, however, are insufficient to meet that standard.

6

cannot show that Respondents acted with deliberate indifference to his medical needs, he likewise fails to show that Respondents have subjected him to punitive conditions of confinement.  *See, e.g.*, *Bernal Gutierrez*, 2020 WL 3396283 at *1 n.1 (noting that the "punitive conditions" and "deliberate indifference to medical needs" theories merge "because each is based on ICE's purported failure either to protect Petitioner from the risks of COVID-19 or to release him"); *Basank v. Decker*, No. 20-CV-2518, 2020 WL 1953847, at *9 n.5 (S.D.N.Y. Apr. 23, 2020) ("[W]here, as here, a communicable disease renders the general conditions of confinement dangerous to Petitioners' health, and meeting Petitioners' medical needs requires that Respondents take specific measures to prevent their infection, the conditions of confinement and unmet medical needs claims essentially merge.").

Lalvay Chacha's failure to prevail on either of his due process claims leaves him unable to establish that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *Wang*, 320 F.3d at 140 (internal quotation marks and citation omitted).

**IV.    Conclusion**

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.  In light of the denial of the petition, Petitioner's motion for a temporary restraining order is likewise denied as moot.[2]

---

[2] Lalvay Chacha's motion for a temporary restraining order for the most part repeats the claims in his habeas petition.  But it also includes a procedural due process claim that does not appear in the petition — that the "existing procedures for testing the validity of his continued detention are insufficient to protect his life and liberty interests from erroneous deprivation." (Dkt. No. 3 at 19.)  As Respondents rightly point out, district courts lack jurisdiction to issue preliminary injunctive relief where the motion "presents issues which are entirely different from those which were alleged in [the] original complaint."  *Stewart v. United States I.N.S.*, 762 F.2d 193, 199 (2d Cir. 1985); *see also Olsen v. Doldo*, 16-CV-5366, 2017 WL 1422431, at *3 (S.D.N.Y. Apr. 20, 2017) (holding that the court lacked jurisdiction to issue preliminary injunctive relief where a petitioner's motion raised claims insufficiently related to the claims in

The Clerk of Court is directed to close the motions at Docket Numbers 2 and 3, and to close this case.

SO ORDERED.

Dated: October 7, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

his underlying habeas petition).  Thus, the Court need not address this novel claim, and dismisses the rest of the claims — which do appear in the petition — as moot.